Robert Chalfant (State Bar No. 203051)
**ROBERT CHALFANT LAW, PC**
13620 Lincoln Way, Suite 325
Auburn, California 95603
Telephone: (916) 647-7728
Facsimile: (916) 930-6093
Email: robert@rchalfant.com

Attorney for Plaintiffs

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

FRESNO DIVISION

| | |
|---|---|
| CHRISTINA WIND, et al., <br><br> Plaintiffs, <br><br> v. <br><br> STATE OF CALIFORNIA, et al., <br><br> Defendants. | Case No. 1:25-cv-00266-JLT-HBK <br><br> **PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANTS' MOTION TO STAY CASE PENDING CDCR'S ADMINISTRATIVE REVIEW PROCESS OR, ALTERNATIVELY, TO EXTEND TIME TO RESPOND TO PLAINTIFFS' COMPLAINT** <br><br> Date: September 29, 2025 |

## I.     INTRODUCTION

Plaintiffs submit the following opposition to Defendants' Notice of Motion and Motion to Stay Case Pending CDCR's Administrative Review Process or, Alternatively, to Extend Time to Respond to Plaintiffs' Complaint (ECF No. 26). Defendants' Motion should be denied as Defendants have failed to establish the need for a stay under the Court's inherent authority.

## II.     PROCEDURAL HISTORY

On March 3, 2025, Plaintiffs Christina Wind, Catrina Cameron, Jamie Monroe, Shannon Gutierrez, Anna Salinas, Wisdom Muhammad, Antoinette Yancey, Donyette Clark, Elaine De

Leon Guerrero, Tanesha Randolph, Reina Reyes, Amilia Manzano, and Nicole Milan filed their Complaint. (ECF. No. 1.) On July 23, 2025, Plaintiffs filed a First Amended Complaint ("FAC"). (ECF No. 24.)

The parties previously stipulated to extensions of time for responding to the Complaint and for the filing of an Amended Complaint and for Defendants to respond to the FAC on March 25, 2025, (ECF No. 14), April 21, 2025, (ECF No. 16), and June 23, 2025. (ECF No. 22.)

In the Stipulation and Proposed Order filed on June 23, 2025, regarding the filing of the First Amended Complaint and response thereto, defense counsel informed Plaintiffs and the Court that CDCR had "completed its investigation of the August 2, 2024, incident as of about June 20, 2025." (ECF. No. 22 at para. 5.)

### III.   BACKGROUND

Generally, Plaintiffs' FAC alleges federal and state claims for the use of excessive force and denial of medical care out of an incident that occurred at the Central California Women's Facility ("CCWF") on August 2, 2024. (ECF No. 24.)

On that date, it is alleged that Sergeant Isidro Arroyo ("Arroyo"), a member of the "Delta Dogs" prison gang, conducted a pretextual search of all cells in the 513 cell-block area to retaliate against women prisoners for filing Prison Rape Act Elimination ("PREA") complaints against staff who committed sexual assaults against them. (Id. at para. 23-47.) Arroyo had summoned guards from two nearby prisons to assist with the unlawful operation and there were approximately 70 guards present. (Id. at para. 48.)

Arroyo locked all 159 female prisoners in the cafeteria, began throwing out their personal property in violation of CDCR rules, and when the inmates objected, had all officers respond to the cafeteria and form a skirmish line around the inmates. (Id. at para. 55 and 56.) Even though Plaintiffs complied with all orders from officers, Arroyo ordered officers to turn off their body-

2

worn cameras and begin spraying the inmates with pepper spray. (Id. at para. 58-60.) Arroyo then took a tear gas grenade and threw it at the compliant group of inmates, including all Plaintiffs. (Id. at para. 61.) Arroyo ordered all of the other officers to start throwing tear gas grenades at the women. (Id. at para. 62.) Arroyo then commanded subordinate officers with batons to begin beating Plaintiffs Christina Wind and Catrina Cameron. (Id. at para. 73.) All of the other named defendants stood by and watched Arroyo and others using excessive force but failed to intervene to stop Plaintiffs' constitutional rights from being violated. (Id. at para. 80-81.) Arroyo refused to allow any medical providers into the cafeteria to treat Plaintiffs even though he knew they required immediate medical aid. (Id. at para. 86.)

Plaintiffs were unusually susceptible to the use of pepper spray and tear gas, as they had previously diagnosed medical conditions that barred officers from deploying pepper spray and tear gas in their presence. (Id. at para. 88, 169, 174, 188, 204, 228.) Plaintiffs all suffered serious injuries as a result of defendants' use of excessive force. (Id. at para. 89.) These injuries included: (1) bruises, scrapes, abrasions, contusions (Id. at para. 91, 138, 218), (2) loss of consciousness and respiratory failure, (Id. at para. 92, 116, 119, 129), (3) internal swelling and having a stroke (Id. at para. 99); (4) loss of eyesight (Id. at para. 106); (5) seizures (id at para. 110, 128, 157, 183, 216, 248); (6) being stabbed in the hand with a knife (Id. at para. 149); (7) aggravation of prior injuries (Id. at para. 143); (8) urinating on themselves while convulsing and unconscious (Id. at para. 158); (9) foaming at the mouth while unconscious (Id. at para. 232-234); (10) a permanent lump on a forehead (Id. at para. 247); and, (11) panic attacks post-incident (Id. at para. 126).

During meet and confer efforts, Plaintiffs counsel indicated that Plaintiffs would oppose a stay on the grounds that there are things the parties could be doing to move the case forward while CDCR's investigation continues, including obtaining all of Plaintiffs CDCR medical and psychiatric counseling records, serving subpoenas for all of Plaintiffs' medical treatment records

at outside facilities, providing medical records to expert witnesses for review and engaging in discovery on basic issues like CDCR policies and training. Plaintiffs' counsel also indicated that he would agree to a protective order, including designation of "Attorney's Eyes Only" for all reports or videos. See Declaration of Robert Chalfant in Opposition to Motion for Stay and Exhibit A attached thereto.

## IV.  ARGUMENT

Defendants Motion for a Stay seeks to stay all proceedings in this matter for approximately 120 days based upon CDCR's administrative investigation relating to the August 2, 2024, incident not yet being completed[1].

The test for determining whether a stay should be granted involves the consideration of three non-exclusive factors courts must weigh: "(1) 'the possible damage which may result from the granting of a stay'; (2) 'the hardship or inequity which a party may suffer in being required to go forward'; and (3) 'the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law.'" *Ernest Bock, LLC v. Steelman*, 76 F4th 827,842 (9th Cir. 2023) 76 F.4th at 842 (quoting *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005)). A district court's concern for the last factor, which courts refer to as "judicial efficiency," "standing alone is not necessarily a sufficient ground to stay proceedings." *Dependable Highway Exp., v. Navigators Ins. Co.,* 498 F.3d 1059, 1066 (9th Cir. 2005). It is more likely that a district court has abused its discretion by granting a stay when the party seeking relief from the stay establishes the stay "will result in irreparable injury and a miscarriage of justice." *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962).

### A.  Plaintiffs Will Likely Suffer Irreparable Harm if a Stay is Granted

---

[1] As noted above, defense counsel informed Plaintiffs and the Court that CDCR had "completed its investigation of the August 2, 2024, incident as of about June 20, 2025." (ECF. No. 22 at para. 5.)

4

Discovery in this case will be voluminous as Defendants are alleged to have used excessive force against 159 female inmates housed at CCWF. (See FAC, ECF No. 24 at para. 49-89.) Counsel for Plaintiffs represents 13 of the women who were violently assaulted by Correctional Sergeant Isidro Arroyo and the approximately 70 other correctional officers who were present that day. (Id. at para. 48 and 60, 61, and 62.)

The possible damage that may result from the granting of a stay in this matter includes: (1) Physical evidence stands the risk of being lost or destroyed; (2) Witnesses' memories will fade over time, and some witnesses may be impossible to locate after release from prison or the witnesses may pass away; (3) prison guards from 3 prisons responded to the August 2, 2024 incident, and those guards may resign, move away from the state or pass away prior to their depositions being taken; (4) DOE Defendants need to be identified and added to this civil action after their identities are ascertained; (5) Medical records of all 13 Plaintiffs represented by counsel need to be obtained from CDCR and outside medical facilities and counsel needs to review the records and seek expert witnesses qualified to opine as to several medical issues, including strokes, seizures, blindness/loss of vision, respiratory arrest, the affects of tear gas and pepper spray on asthmatic patients, and mild traumatic brain injuries.

The above list of possible damage that Plaintiffs may suffer is not hypothetical. These are problems associated with every case that is delayed and where discovery is stayed. No work can be completed, records can't be obtained and become lost or destroyed, witnesses' memories fade and some witnesses disappear.

One additional injury or damage that Plaintiffs will suffer is that this case is set for an Initial Scheduling Conference with assigned Magistrate Judge Helena M. Barch-Kuchta on September 18, 2025, at 11:30 a.m. A Joint Scheduling Report is being prepared, the parties will have appeared at the Initial Scheduling Conference and argued to set deadlines, and the

Magistrate will likely issue a Scheduling Order after hearing setting relevant discovery deadlines and trial. Defendants' arguments that the "orderly course of justice" requires a stay (See ECF No. 256 at page 7:11), ignores the fact their motion creates disorder and delays justice for Plaintiffs.

### B.  Defendants Will Not Suffer Hardship or Inequity if a Stay is Denied.

In *Landis v. N Am. Co.*, 299 U.S. 248, 255 (1936), the Supreme Court made clear that "if there is even a fair possibility that the stay . . . will work damage to someone else," the party seeking a stay "must make out a clear case of hardship or inequity in being required to go forward." Defendants failed to address the hardship or inequity they will suffer if their request for stay is denied. Their argument is that a stay is needed to "protect the integrity of the investigative and disciplinary process…". (See ECF No. 26 at page 4:7-9.) Defendants do not explain how the filing of answers, proceeding with an Initial Scheduling Conference on September 18, 2025, and the opening of discovery would affect the integrity of their ongoing investigation and disciplinary process.

Defendants also assert that they "cannot properly evaluate and respond to these claims without the documents, videos and other materials currently being held as confidential and not for release as part of its investigation." (Id. at page 6:24-26.) Again, no explanation was provided as to why they cannot evaluate and respond to allegations in a FAC with access to every named defendant and the ability to contact their clients for more information. The Federal Rules of Civil Procedure allow a party that lacks knowledge or information to so state when responding to a Complaint, and that the statement has the effect of a denial as to the claim. Federal Rule of Civil Procedure 8(b)(5).

Discovery should commence so that evidence and witnesses can be identified, evidence preserved and work to continue on this matter.

### C.  CDCR's Internal Investigation Will Not Simplify or Complicate the Issues Before This Court

CDCR has not said what it is investigating, and which individuals are subject to investigation as a result of the August 2, 2024, incident. CDCR provided no evidence as to which specific internal CDCR policies or procedures may have been violated. CDCR has failed to present any evidence as to how its investigation will simplify any issue before this Court relating to Plaintiffs' FAC.

This case is not like *CMAX Inc., v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962), cited by defendants as being "similar" to the present matter. *CMAX* is dissimilar to the present case as it involved an air freight company operating under Civil Aeronautics Board authority and regulations seeking to receive full payment for shipments. Id. at 266. After filing suit, proceeding through summary judgment motions and pretrial proceedings, the Civil Aeronautics Board initiated enforcement proceedings against CMAX. Id. The enforcement proceedings initiated by the Civil Aeronautics Board planned to investigate and determine whether the rates and services charged by CMAX complied with appropriate tariff rates, which was the main issue involved in the civil action. Id. The Court in *CMAX* granted the request for a stay as the issues involved in the Civil Aeronautics Board proceeding involved "highly technical tariff questions which are likely to arise in the district court case." Id. at 270.

Here, there has been no evidence presented as to what and who is being investigated, and how the investigation by CDCR relates to the current civil lawsuit.

### IV.   CONCLUSION

For the reasons stated, Defendants' motion for a stay should be denied. Plaintiff respectfully requests that the court allow the parties to proceed in accord with the Scheduling Order that is expected to be issued after September 18, 2025. Defendants have failed to establish the required elements for a stay of this matter under the Court's inherent authority. A protective order regarding discovery would eliminate any concerns about maintaining the integrity of

CDCR's investigation.

Plaintiffs have no opposition to Defendants' alternative request for an extension of time to respond to Plaintiffs' FAC.

Dated: September 4, 2025                                  Respectfully Submitted,

                                                          By: __/s/ Robert Chalfant_____
                                                              Robert Chalfant
                                                              ROBERT CHALFANT LAW, PC

                                                              Attorney for Plaintiffs