ROB BONTA, State Bar No. 202668
Attorney General of California
ALICIA BOWER, State Bar No. 287799
Supervising Deputy Attorney General
ARTHUR B. MARK III, State Bar No. 220865
Deputy Attorney General
JACQUELINE KALLBERG, State Bar No. 298886
Deputy Attorney General
 1300 I Street, Suite 125
 Sacramento, CA 95814
 Telephone:  (916) 210-7345
 Fax:  (916) 324-5205
 E-mail:  Arthur.Mark@doj.ca.gov
         Jacqueline.Kallberg@doj.ca.gov
*Attorneys for Defendants*
*California Department of Corrections and*
*Rehabilitation, I. Arroyo, V. Ramolete, E. Becerra,*
*C. Mendoza, M. Felix, and Y. Abrego[1]*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

FRESNO DIVISION

| | |
|---|---|
| **CHRISTINA WIND, et al.,** | Case No. 1:25-cv-00266-JLT-HBK |
| Plaintiff, | **DEFENADNTS' REPLY IN SUPPORT OF THEIR MOTION TO STAY CASE PENDING CDCR'S ADMINISTRATIVE REVIEW PROCESS OR, ALTERNATIVELY, TO EXTEND TIME TO RESPOND TO PLAINTIFFS' COMPLAINT** |
| v. | |
| **STATE OF CALIFORNIA, et al.,** | |
| Defendants. | |
| | Judge:      Hon. Helena Barch-Kuchta |
| | Trial Date:   None set |
| | Action Filed:  March 3, 2025 |

    [1] In their First Amended Complaint, Plaintiffs no longer name the State of California, Anissa De La Cruz, and Fernando Arroyo as Defendants.  (ECF No. 24.)  Accordingly, they have been dismissed from this action. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992).

1

**INTRODUCTION**

Plaintiffs do not dispute that the California Department of Corrections and Rehabilitation's (CDCR) administrative review and disciplinary process regarding the August 2, 2024, incident at issue in this case is not yet completed and that critical information and evidence core to this case cannot yet be accessed for use in this litigation. Despite the prejudice from not having access to the thousands of hours of video and other materials in the administrative review process, Plaintiffs insist that the limited three-month stay requested should be denied and that this case should proceed in piecemeal fashion. Plaintiffs have not presented any evidence to support any irreparable harm if a three-month stay is granted and Defendants have established hardship in the absence of a stay. As Plaintiffs recognize, Defendants lack information to effectively respond to the allegations in the complaint. (*See* ECF No. 27, Opp. at 6:20-24). Preserving the integrity of CDCR's on-going investigatory review and disciplinary process prevents Defendants from having access to materials necessary to respond effectively to Plaintiffs' myriad allegations; prevents this case from being scheduled appropriately, including the crafting of a workable discovery plan and the ability to assess potentially privileged or confidential material or craft a protective order; and prevents Defendants from being able to effectively assess prospective conflicts, liability, and whether this case may be suited for early ADR. Accordingly, the Court should grant Defendants' motion and stay proceedings in this matter until December 15, 2025.

**ARGUMENT**

The parties agree this case is not the typical single-plaintiff and single-incident prisoner lawsuit—the underlying incident is complex, large in scope, and implicates over 150 inmates and over 50 staff members. (*See* ECF No. 24, First Am. Compl. ¶ 26, 48-49; ECF No. 26-1, Kallberg Decl. ¶ 2.) The Court may grant a stay if it determines that a party will be prejudiced by having to move forward prior to the resolution of an independent matter that bears upon the case. *In re PG&E Corp. Sec. Litig.*, 100 F.4th 1076, 1085 (9th Cir. 2024). Plaintiffs' opposition recognizes that Defendants lack information to effectively respond to their allegations pending completion of CDCR's investigatory review and disciplinary process for the August 2, 2024 incident that is the subject of this lawsuit. (*See* ECF No. 27, Opp. at 6:20-24 (suggesting that defendants should or

2

could deny all allegations for lack of information or knowledge).)  Plaintiffs nonetheless insist the case should partially proceed; however, they articulate no evidence of damage that would be caused by a limited stay to allow the administrative review and disciplinary notice process to finish.  In contrast, Defendants will be prejudiced by having to move forward prior to the resolution of CDCR's investigatory review and disciplinary process for the August 2, 2024 incident that is the subject of this lawsuit.  (ECF No. 26-1, Kallberg Decl. ¶¶ 3-5).  Finally, the orderly course of justice in this case will be served by granting the stay requested by Defendants. Accordingly, the Court should grant Defendants' motion.

I.    **PLAINTIFFS HAVE PRESENTED NO EVIDENCE OF IRREPARABLE HARM IF A LIMITED STAY IS GRANTED.**

Plaintiffs' arguments offer only speculation about "possible damage" from granting a stay and they offer nothing to substantiate their claims of irreparable harm.  (Opp. at p. 5-6.)  Their general and unspecified concerns about lost physical evidence, witnesses' memories fading, witnesses retiring or moving or dying, identification of possible Doe Defendants, and obtaining Plaintiffs' medical records are theoretical and do not support a finding of harm to Plaintiffs' sufficient to deny a stay.

First, Plaintiffs present no evidence to substantiate their chief concern of physical evidence being "lost or destroyed."  (Opp. at 5:8).  To the contrary, the incident at issue in this case was not years ago—it has been only one year since the incident; Plaintiffs filed their case only seven months after the incident.  CDCR began its investigation close in time to the August 2, 2024, incident and has preserved evidence, including thousands of hours of video and body worn camera footage and other materials.  (Kallberg Decl. ¶ 3).  Accordingly, there is no support for Plaintiffs' bare claim that evidence could be "lost or destroyed."  The mere possibility that evidence "could be" lost or destroyed is insufficient to deny a stay.  *See Alesia v. Square Inc.*, 493 F. Supp. 3d 806, 816 (N.D. Cal. Oct. 9, 2020) (finding that possible fear of non-party information being lost or destroyed was insufficient to deny a stay).

Second, Plaintiffs' claims about witnesses' memories fading, witnesses passing away, or being "impossible" to locate is likewise speculative.  (Opp. at 5:8-12).  Their main concern about

3

witnesses' memories fading is minimal, given the apparently large amount of video footage, including body worn camera footage and other evidence pertaining to the incident.  (ECF No. 26-1, Kallberg Decl. ¶ 3.)  *See Scott v. Harris*, 550 U.S. 372, 379 (2007) (finding that clear video record of events at issue will control over parties' contrary descriptions).  Moreover, Plaintiffs have presented no evidence to support their claims that any particular witness or prison guard may be "impossible" to locate or could pass away.  Such "nebulous" concerns are insufficient to deny a stay.  *Aleisa*, 493  F. Supp. 3d at 816-17.

Third, Plaintiffs' concern about Doe defendants is not dependent on a stay and is not affected by a stay.  In fact, denying a stay is not likely to accelerate the location of potential Doe defendants because, presumably, those potential, additional defendants would be identified from investigatory records and/or video footage that are a part of the on-going investigatory review and disciplinary process and to which defense counsel does not currently have access and, thus, could not produce.  (Kallberg Decl. ¶ 2-3.)  Thus, denying a stay and attempting to partially schedule this case as Plaintiffs request will not promote faster identification of potential Doe defendants.

Finally, and likewise, the concern regarding Plaintiffs' medical records is not dependent on a stay.  Plaintiffs have a right to request their medical records, independent of any litigation.  *See* 15 Cal. Code Regs. tit. § 3999.217.  However, Plaintiffs' counsel has apparently not requested any medical records to date, (*see* ECF No. 27-2, Opp. Ex. A), indicating that the need for these records is not particularly urgent and supporting Defendants' position that discovery and document exchanges should not commence without the parties having a clear picture of the case as informed by the video footage and other documentation currently held in CDCR's administrative process.  *See Aleisa*, 493 F. Supp. 3d at 816 (finding that staying case at the pleadings stage prevents parties from having to expend time and money on discovery while lacking a clear picture of the issues in the case.)  Accordingly, Plaintiffs have presented no evidence to support a finding that they will suffer irreparable harm if a stay is granted.

## II.    DEFENDANTS HAVE PRESENTED A CLEAR CASE OF HARDSHIP IF A STAY IS NOT GRANTED

Plaintiffs' argument that Defendants have not shown a clear case of hardship ignores the unrefuted evidence that thousands of hours of video footage and many other exhibits pertaining to the events alleged in the complaint exhibit are not yet accessible for use in this litigation. (*See* Kallberg Decl. ECF No. 26-1, ¶ 3.) Plaintiffs' proposed solution of Defendants denying all allegations for "lack of information or knowledge" (Opp. at 6) would not move this case forward and instead would put Defendants in the position of preparing multiple answers, by forcing the filing of an answer they would likely need to amend at a later date, in any event. Moreover, Defendants would be forced to move to stay discovery and initial disclosures due to the fact of CDCR's pending investigatory review and disciplinary process, which would prevent the case from moving forward as much as the stay now sought in the instant motion. Likewise, Plaintiffs' proposal for a protective order is premature. (Opp., ECF No. 27 at 4:1, Chalfant Decl. Ex. A.) Defense counsel cannot agree to, assess the need for, or even craft a protective order without having reviewed the materials that would be subject to the order. As defense counsel does not yet have those materials, entry into a protective order would be premature. Thus, discovery could not "commence" as Plaintiffs argue while the investigative process is still pending and the discovery at issue in this case is not yet accessible by either party's counsel.

Requiring Defendants to proceed with the case at this time will force them to attempt to defend against the serious accusations of Plaintiffs without the benefit of documentation and camera footage that the parties know exist. Defendants' counsel cannot properly evaluate the allegations or even investigate the accuracy of Plaintiffs' claims until they have the materials that are a part of CDCR's current, on-going investigative and disciplinary process. (Kallberg Decl. ¶ 3-5). And, given that the completion of CDCR's process could result in discipline, this will require an assessment of potential conflicts of interest. (*Id.* at ¶ 4-5.) Contrary to Plaintiffs' arguments, prejudice to Defendants to proceeding now is clear and palpable and a stay to allow CDCR's investigation and disciplinary process to complete is warranted. (*Id.*). *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962)

5

**III.    A STAY IS NECESSARY TO PRESERVE THE ORDERLY COURSE OF JUSTICE**

Plaintiffs are wrong in suggesting that awaiting completion of CDCR's investigatory review and disciplinary process will not promote the orderly course of justice in this case.  (Opp. at p. 7.)  Plaintiffs ignore *CMAX*'s rationale, which is that courts should stay litigation pending completion of an administrative investigation that involves the same matters that forms the basis of the litigation in order to promote orderly and efficient litigation.  *CMAX, Inc.*, 300 F.2d at 268.

Here, Plaintiffs are incorrect in asserting that there is no evidence that the pending investigation is related to the August 2, 2024 incident and that awaiting its completion will not promote orderly administration of justice. (Opp. at 7).  Rather, the contrary is true.  (Kallberg Decl. ¶ 2-3).  Staff involved in the August 2, 2024, incident and the incident itself is the subject of CDCR's on-going administrative investigatory review and disciplinary process.  (*Id*.)  Defense counsel does not have access to the video and other records necessary to assess Plaintiffs' allegations and, as a result, their counsel presently cannot prepare responses, participate in discovery, assess applicable privileges, assess potential conflicts, or effectively schedule this case.  (Kallberg Decl. ¶ 5).  Attempting to schedule this case and proceed before CDCR's administrative process is complete will likely result in multiple scheduling orders, requests to change the case scheduling, and potentially avoidable discovery disputes.  Moreover, if a conflict is discovered following completion of the investigation, any perceived gains from denying a stay will be lost, as the appearance of new counsel for a defendant would likely justify modification to the case schedule as well.  Accordingly, a stay is necessary to preserve the orderly course of justice in this case.

**CONCLUSION**

Defendants have presented a clear case of hardship if this case is allowed to proceed before completion of CDCR's administrative investigatory review and disciplinary process concerning the events of August 2, 2024.  Plaintiffs have presented no evidence of irreparable harm if a limited stay is granted.  Finally, granting the requested stay will promote the orderly

administration of justice. Accordingly, all factors favor a stay and the Court should grant Defendants' motion and stay this matter until December 15, 2025.[2]

Dated: September 15, 2025                    Respectfully submitted,

ROB BONTA
Attorney General of California
ALICIA BOWER
Supervising Deputy Attorney General
JACQUELINE KALLBERG
Deputy Attorney General


*/s/ Arthur B. Mark III*

ARTHUR B. MARK III
Deputy Attorney General
*Attorneys for Defendants*
*California Department of Corrections and*
*Rehabilitation, I. Arroyo, V. Ramolete, E.*
*Becerra, C. Mendoza, M. Felix, and Y.*
*Abrego*

SA2025301262
39294187

---

[2] In the event a stay is denied, Plaintiffs do not oppose Defendants' alternative request to extend time for their responses to the First Amended Complaint (ECF No. 24) until thirty days following the date the Court's decision on the instant motion. (ECF No. 27, Opp. at 8:2-3).

# CERTIFICATE OF SERVICE

Case Name: **Christina Wind, et al. v. State of California, et al.**          No.          **1:25-cv-00266-JLT-HBK**

I hereby certify that on <u>September 15, 2025,</u> I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

> ➢ **DEFENADNTS' REPLY IN SUPPORT OF THEIR MOTION TO STAY CASE PENDING CDCR'S ADMINISTRATIVE REVIEW PROCESS OR, ALTERNATIVELY, TO EXTEND TIME TO RESPOND TO PLAINTIFFS' COMPLAINT**

I certify that **all** participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

I declare under penalty of perjury under the laws of the State of California and the United States of America the foregoing is true and correct and that this declaration was executed on <u>September 15, 2025</u>, at Sacramento, California.


| K. Vitalie | */s/ K. Vitalie* |
|------------|------------------|
| Declarant  | Signature        |

SA2025301262
39309998.docx