UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTINA WIND, et al., | Case No. 1:25-cv-00266-JLT-HBK (PC) |
| Plaintiffs, | ORDER DENYING DEFENDANTS' MOTION TO STAY CASE PENDING CDCR'S ADMINISTRATIVE REVIEW PROCESS AND GRANTING DEFENDANTS' ALTERNATIVE REQUEST TO EXTEND TIME TO RESPOND TO PLAINTIFFS' FIRST AMENDED COMPLAINT |
| v. | |
| STATE OF CALIFORNIA, et al., | |
| Defendants. | |
| | (Doc. No. 26) |

Pending before the Court is Defendants' motion to stay this case pending completion of the California Department of Corrections and Rehabilitation ("CDCR") internal administrative review and disciplinary processes. (Doc. No. 26). Plaintiffs oppose the stay. (Doc. No. 27). For the reasons explained more fully below, the undersigned denies Defendants' request to stay the proceedings at this early stage of the proceedings but grants Defendants' alternative request for an extension of time to respond to the first amended complaint ("FAC").

**I.    BACKGROUND**

Plaintiffs, all inmates at the Central California Women's Facility ("CCWF"), initiated this action by filing a complaint on March 3, 2025, raising various claims against Defendants for alleged acts occurring on August 2, 2024 at CCWF. (Doc. No. 1). Summonses were returned executed on or about March 5, 2025. (Doc. Nos. 5-13). After Defendants were served, the

1  parties stipulated to extend Defendants' deadline to respond to the complaint; allow Plaintiffs to
2  file an amended complaint; and extend Plaintiffs' time to file their FAC.  (*See* Doc. Nos. 14, 16,
3  19, 22).  The most recent stipulation indicated that "CDCR completed its investigation of the
4  August 2, 2024, incident as of about June 20, 2025," but defense counsel believed "pertinent
5  material necessary to fully assess Plaintiffs' claims and to respond to the allegations and claims
6  will not be available to them for approximately sixty days."  (Doc. No. 22 at 2).  Plaintiffs filed
7  their FAC on July 23, 2025.  (Doc. No. 24).

8       On August 22, 2025, the agreed deadline for Defendants to respond to the FAC (*see* Doc.
9  Nos. 22, 23), Defendants filed the instant motion seeking to stay "this case until December 15,
10  2025, to allow for completion of CDCR's internal administrative review and disciplinary
11  processes."  (Doc. No. 26 at 2).  Defendants argue "a stay is warranted to protect the integrity of
12  CDCR's on-going investigatory and discipline review process, prevent hardship to Defendants,
13  and to ensure the orderly course of justice in this proceeding."  (*Id.* at 6).  Alternatively,
14  "Defendants request an extension of time to respond to the Complaint until thirty days after the
15  Court's order denying the motion."  (*Id.* at 2).

16       Plaintiffs filed their opposition on September 4, 2025.  (Doc. No. 27).  Plaintiffs argue
17  they would be prejudiced by a stay because they need to identify the Doe defendants and add
18  them to this action; they need to obtain and review their own medical records and seek expert
19  witnesses; and there is a risk of evidence being lost, witnesses' memories fading, and prison
20  guards potentially resigning or otherwise being unable to be located.  (*Id.* at 5).  Additionally,
21  Plaintiffs argue Defendants will not suffer a hardship if a stay is denied because they fail "to
22  explain how the filing of answers, proceeding with an Initial Scheduling Conference …, and the
23  opening of discovery would affect the integrity of their ongoing investigation and disciplinary
24  process" and also fail to explain "why they cannot evaluate and respond to allegations in a FAC
25  with access to every named defendant and the ability to contact their clients for more
26  information."  (*Id.* at 6).  Finally, Plaintiffs argue Defendants have "failed to present any evidence
27  as to how its investigation will simplify any issue before this Court relating to Plaintiff's FAC."
28  (*Id.* at 7).  Plaintiffs do not oppose Defendants' alternative request for an extension of time to

respond to the FAC. (*Id.* at 8).

Defendants filed a reply on September 15, 2025. (Doc. No. 30). Defendants argue Plaintiffs failed to present any evidence to support their assertion of irreparable harm and "[t]heir general and unspecified concerns about lost physical evidence, witnesses' memories fading, witnesses retiring or moving or dying, identification of possible Doe Defendants, and obtaining Plaintiffs' medical records are theoretical." (*Id.* at 3). Defendants argue they have established a clear case of hardship because requiring them "to proceed with the case at this time will force them to attempt to defend against the serious accusations of Plaintiffs without the benefit of documentation and camera footage that the parties know exist" and "Defendants' counsel cannot properly evaluate the allegations or even investigate the accuracy of Plaintiffs' claims until they have the materials that are a part of CDCR's current, on-going investigative and disciplinary process." (*Id.* at 5). Finally, Defendants renew their argument that scheduling the case now would "likely result in multiple scheduling orders, requests to change the case-scheduling, and potentially avoidable discovery disputes." (*Id.* at 6).

**II.    ANALYSIS**

A federal court enjoys "broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706 (1997). The "party requesting a stay bears the burden of showing that the circumstances justify an exercise of that discretion." *Nken v. Holder*, 556 U.S. 418, 433-34 (2009). The Ninth Circuit has identified "three non-exclusive factors" courts should consider when deciding whether a "docket management" stay is warranted: "(1) the possible damage which may result from the granting of a stay; (2) the hardship or inequity which a party may suffer in being required to go forward; and (3) the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law." *Ernest Bock, LLC v. Steelman*, 76 F.4th 827, 843 (9th Cir. 2023) (internal quotation marks omitted). Consideration of the third factor, referred to as "judicial efficiency," "standing alone is not necessarily a sufficient ground to stay proceedings." *In re PG&E Corp. Sec. Litig.*, 100 F.4th 1076, 1085 (9th Cir. 2024). Courts have recognized that civil plaintiffs have an interest in having their cases resolved quickly. *See S.E.C. v. Loomis,* No. 2:10–cv–00458–KJM–KJN, 2013

WL 4543939, at *2 (E.D.Cal. Aug. 27, 2013); *see also* Fed. R. Civ. P. 1 (mandating the "just, speedy, and inexpensive determination" of each action).

Having considered the parties' arguments, the undersigned concludes the relevant factors weigh against staying proceedings in this action. First, as Plaintiffs argue, they will likely suffer damage if a stay is granted. While the risk of fading memories and lost evidence usually accompanies a stay, Plaintiffs here face the additional possibility that if they are not able to identify the Doe Defendants promptly because of a stay, they may struggle to locate these Defendants or obtain their testimony once the stay is lifted. Further, because Plaintiffs are inmates under the control of CDCR, a stay would likely prevent them from obtaining even their own medical records.

Second, Defendants have not shown that they will suffer a hardship if they are required to proceed with discovery. Defendants argue they will be prejudiced because they "cannot properly evaluate and respond to these claims without the documents, video, and other materials currently being held as confidential and not for release as part of its investigation." (Doc. No. 26 at 6). However, as Plaintiff argues, Federal Rule of Civil Procedure 8(b)(5) specifically allows a party to deny an allegation based on a lack of knowledge or information sufficient to form a belief about the truth of the allegation. Similarly, the civil rules require parties to supplement and/or amend discovery if additional information later becomes available. *See* Fed. R. Civ. P. 26(e)(1)(A) (requiring supplementation or correction of disclosures if the disclosure or response was incomplete or incorrect, and the corrective information has not otherwise been made known). While Defendants assert CDCR "cannot release video, documents, interviews, and other investigatory material until the disciplinary process is complete" in order "[t]o preserve the integrity of the evaluative and disciplinary process" (Doc. No. 26 at 6), they fail to explain—and the Court does not ascertain—why disclosure of this information to CDCR's *own counsel* for initial review would compromise the investigation. Defendants do not suggest that their internal investigation might lead to parallel criminal proceedings that might implicate Defendants' Fifth Amendment rights. *See e.g. Commodity Futures Trading Comm'n v. Fin. Tree*, No. 2:20-CV-01184-TLN-AC, 2020 WL 6286329, at *3 (E.D. Cal. Oct. 27, 2020) (granting stay due to parallel

criminal proceedings).

Moreover, Defendants do they present any argument that a specific statute or regulation requires CDCR to withhold information from their counsel and opposing parties in litigation until an internal investigation is complete. Further, even accepting Defendants' position, the undersigned finds persuasive Plaintiffs' assertion that there are "things the parties could be doing to move the case forward" that would not necessarily impact CDCR's investigation, "including obtaining all of Plaintiffs CDCR medical and psychiatric counseling records, serving subpoenas for all of Plaintiffs' medical treatment records at outside facilities, providing medical records to expert witnesses for review and engaging in discovery on basic issues like CDCR policies and training." (Doc. No. 27 at 3-4).

Finally, Defendants have not shown that a stay would simplify any of the issues before the Court. Defendants assert that at this time they "cannot develop a meaningful case schedule, including a discovery and motions schedule, requiring the Court to either continuously postpone scheduling or, to engage in multiple modifications of any case schedule, or extend deadlines for discovery, discovery responses, and responses to pleadings." (Doc. No. 26 at 7). However, as discussed above, continuing to delay the initial scheduling will prejudice Plaintiffs and the Court can address any extension or modification requests that may arise at the appropriate time. While the case is in its early stages, the parties' representations so far—including that the August 2, 2024 incident involved approximately 159 inmates and 70 guards and there are approximately one-thousand exhibits related to the investigation, including video and body camera footage—indicate that discovery will likely be a lengthy endeavor that will require the parties and the Court to pivot as issues arise.[1] Ultimately, potential difficulties in scheduling the case now do not justify delaying Defendants response to the operative complaint or the start of discovery entirely. This is especially true given Defendants' inconsistent representations concerning when the CDCR investigation will conclude. (*Compare* Doc. No. 22 at 2 (representing that "CDCR completed its investigation … as of about June 20, 2025") *with* Doc. No. 26 at 5 (asserting the investigation "is

---

[1] To the extent the parties are unable to agree on an initial schedule, the undersigned will work with the parties to address any issues at the initial scheduling conference scheduled on October 30, 2025. (*See* Doc. No. 28).

expected to be completed in about 120 days"); *but see* Doc. No. 26-1 at 2 (indicating "it will be *more* than 120 days until the disciplinary process is complete") (emphasis added)).

Accordingly, it is **ORDERED**:

1. Defendant's motion to stay proceedings (Doc. No. 26) is DENIED with respect to Defendants' request for a stay and GRANTED as to the alternative, unopposed request for an extension to respond to Plaintiff's complaint.

2. Defendants' deadline to respond to the First Amended Complaint is October 23, 2025.

Dated:    September 22, 2025

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE

6