UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTINA WIND, et al.,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>STATE OF CALIFORNIA, et al.,<br><br>　　　　　Defendants. | Case No.  1:25-cv-00266-JLT-HBK<br><br>ORDER GRANTING JOINT MOTION AND DIRECTING CLERK TO ENTER STAY OF ENTIRE ACTION<br><br>(Doc. No.  47) |

　　　　Pending before the Court is the Parties joint request to stay this action filed on December 17, 2025.  (Doc. No. 47).  The Parties request a complete stay of this action for the purpose of participating in private mediation, currently scheduled for March10-11, 2026.  (*Id*. at 2).

　　　　The court is vested with broad discretion to stay a case.  *Clinton v. Jones*, 520 U.S. 681, 705 (1997) (citing *Landis v. North American Co.*, 299 U.S. 248, 254 (1936)).  As a rule, "stays should not be indefinite in nature." *Dependable Highway Exp., Inc. v. Navigators Ins. Co.*, 498 F.3d 1059, 1066-67 (9th Cir. 2007).  If a stay is especially long or indefinite, a greater showing is required to justify it and the court must "balance the length of any stay against the strength of the justification given for it." *Yong v. I.N.S.*, 208 F.3d 1116, 1119 (9th Cir. 2000).

　　　　The Court finds in its discretion that a stay of this action is appropriate so that the Parties may direct their resources and attention to private mediation.  During the stay, all proceedings and discovery and any pending deadlines or hearings are vacated.  However,  the parties may

informally exchange information under the protective order entered in this case to prepare for mediation.

Accordingly, it is ORDERED:

1. The Parties' joint motion this action (Doc. No. 47) is GRANTED and the Court STAYS this case until further order by the Court.

2. The Court VACATES the initial scheduling conference set for February 5, 2026 and all associated deadlines.

3. Within **fourteen (14) days** of the mediation's conclusion, the Parties shall file a "Joint Post Mediation Status Report" regarding the result of the mediation.

4. The substance of the mediation is confidential, and no party, lawyer, or other participant may record, or without approval of the Court may disclose any event, including any statement confirming or denying a fact—except settlement—that occurs during the mediation.

5. If the Parties reach a settlement at the mediation, a notice of settlement shall promptly be filed with the Court. *See* Local Rule 160(a). Dispositional documents are due no more than twenty-one (21) days from the filing of the notification, absent good cause. *See* Local Rule 160(b).

6. If the case does not settle, the Parties shall include in their Joint Post Mediation Status Report a date for Defendants' responsive pleading and a proposed initial scheduling conference date.

Dated:   December 18, 2025

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE